The case is disclosed by the testimony, and the charge of the judge, as stated himself, was as follows:
The trespass for which the action was brought was charged to have been committed between the parallel lines in the diagram B C and N Y. Hooks' 90-acre patent was ten years older than the one under which the plaintiff claimed; Hooks' 100-acre patent is seven or eight years younger than the plaintiff's. The boundaries of Hooks' 90-acre patent are delineated in the diagram, and the beginning is at the index at E, then to F, G, H, and I, at another index, and thence to the beginning. The location of Hooks' 100-acre patent is also represented. The controversy between the parties was whether the plaintiff's patent shall stop at Hooks' line at the letter N or should continue the same course to Hooks' line on the other side of the patent at letter O, and even on to B, at some distance beyond.
The words of the plaintiff's patent were, "Beginning at a pine, (444) in or near his own line, and runs S. 240 poles to a stake in William Hooks' line, then with or near his line N. 73 degrees E. 400 poles to a stake, then N. 305 poles to a pine, thence to the beginning."
The plaintiff proved old marked lines from between A and N, and one witness said that when they were surveying the land, since the present action, he saw a chopped tree in Hooks' 90-acre patent, about 40 or 50 yards from the corner, in imitation of a marked tree. Upon cross-examination he admitted that he did not show it to the surveyor. Part of this patent was but thinly timbered. *Page 335 
Several of the plaintiff's witnesses also proved old marked trees between the corners S and R of Hooks' 100-acre patent; and the deposition of old Hooks, the patentee, stated there were marked lines when his patent was run out. This patent of Hooks' called for a beginning in
[EDITORS' NOTE: THE DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 4 N.C. 335.]
Bradberry's line, which beginning is at S. The same witness said that Bradberry informed him that the patent in dispute was not surveyed till after the grant came out. *Page 336 
The plaintiff then proved by the same witness who spoke of the chopped tree in the 90-acre patent that about forty-one years ago he was shown a pine by Ritter, near C, as the corner of the patent in dispute, and it was then a marked tree resembling a corner. Ritter was one of the chain bearers to Bradberry's patent. The same witness further stated that the patentee informed him that the land was not actually surveyed till after the patent. They had begun to survey it, but it began to rain, and discovering that they encroached upon old patents, they retired to a house and there platted it. He also said that he had seen the tree years back; was as well acquainted with the place as with his yard; and thinks it was near C; but he could not find it since the dispute, nor discover any vestige of it, though he had frequently searched, and particularly for the surveyors; that it was in the goose pond, where there were a number of pines, some of which now appear to be dead. The witness added that Ritter, the son-in-law of the patentee, claimed this goose pond (445) under the patent; and upon his cross-examination respecting what the patentee had said, he stated the assertion of the latter to have been that his second corner was on the west side of Buck Marsh on the hill, and that Hooks' negroes had cut it down.
The judge, in his charge to the jury, directed them that as the first line of the patent called for a stake in Hooks' line, and the second line called for a course and distance running with or near Hooks' patent to another stake, the patentee was precluded by the terms and expressions of the grant from going beyond Hooks' first line; but, in conformity with the words of the patent, must run to the corner called for, it being near or with Hooks' line as represented on the plat; and that the boundary of the patent to Bradberry could not be extended beyond the first line of Hooks', though it might be proved by a hundred witnesses that the land had been surveyed before the patent issued, and that the surveyor actually run across, marking the trees, and made a corner. That the patent calling for a stake, which the court considered as an imaginary point, and this to be in Hooks' line, whether the distance be longer or shorter, the first line must terminate there; and that the marked pine, if sufficiently proved to have been near C, was for the same reason, to be disregarded, and that, in point of law, the defendant was entitled to their verdict.
We are all of opinion that the plaintiff is concluded by the terms of the grant form claiming beyond the first intersection with Hooks' line, inasmuch as the course, N. 73 degrees E., called for in the *Page 337 
grant, will run as also called for, with or near Hooks' line. Whereas, if the first line is to proceed to the second line, or to be extended to the letter B on the plat described, the second line will not run with or near Hooks' line. As to the admissibility or effect of evidence of where the line actually was run when surveyed, that is an abstract question, not necessary, at this time, to be determined.
We are, therefore, of opinion that the rule for a new trial should be discharged.
NOTE. — See note to Bradford v. Hill, 2 N.C. 22; and, in addition to the cases there referred to, see Sasser v. Herring, 14 N.C. 340;Carson v. Burnett, 18 N.C. 546; Flannigan v. Lee, 19 N.C. 427;Hough v. Dumas, 20 N.C. 328.
Upon the second point, see Freeman v. Edwards, 10 N.C. 5; S. v.Benton, 19 N.C. 223.
Cited: Herring v. Wiggs, post, 476; Cherry v. Slade, 7 N.C. 91; Dulav. McGhee, 34 N.C. 332.
(455)